UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROLLINS

       Plaintiff,

v.

FMR CORPORATION d/b/a FIDELITY
BROKERAGE SERVICES, LLC,

       Defendant.
_____/

Case No. 15-12681

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION OF NON-DISCRIMINATION CLAIMS** [8]

This matter is before the Court on Plaintiff's motion to compel arbitration of non-discrimination claims that are pending before the Financial Industry Regulatory Authority, Inc. (FINRA). (Docket no. 8.) Defendant opposes this motion arguing that the claims in the lawsuit and the arbitration are part of the same case or controversy and it is in the interest of economic and judicial efficiency to litigate all of the claims together. (Dkt. 10.) The Court has considered the pleadings in this matter and the parties appeared at a hearing on February 3, 2016.

Plaintiff, a former employee of Defendant, has the following pending arbitration claims before FINRA: Tortious interference with contractual relations or advantageous business relationship; negligence; infliction of emotional distress; violation of FINRA Rules of Fair Practice; and RICO.[1] Neither party disputes that the non-discrimination claims were subject to mandatory arbitration. FINRA arbitration rules require mandatory arbitration of

---

[1] Arbitration Case No. 15-00058-Fox. (Pl.'s Br. In Support Ex. A.)

employment claims except for illegal discrimination claims, which "may be arbitrated only if the parties have agreed to arbitrate them." FINRA-ARBRULES Rules 13201 (Def.'s Resp. Ex. A.) Plaintiff consolidated his FINRA claims (initially filed on January 14, 2015) with those of two other former employees; neither of those employees had filed an EEOC claim or lawsuit. (Pl.'s Br. In Support 1, n.1.) Plaintiff filed this action on July 30, 2015, alleging that he was terminated from employment by Defendant on the basis of illegal race discrimination and brings claims for Race Discrimination under Title VII of the Civil Rights Act (Count I); Race Discrimination under Michigan's Elliott-Larsen Civil Rights Act (Count II); and Race Discrimination under 42 U.S.C. § 1981 (Count III). (Dkt. no. 1.) Defendant moved to consolidate all claims with the Court proceedings and FINRA stayed the arbitration proceeding "until the court determines the extent to which it will accept jurisdiction over the related claims." (Pl.'s Br. In Support Ex. D.)

Under 28 U.S.C. § 1367, in a civil action this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "When determining whether to exercise supplemental jurisdiction, the Supreme Court has instructed courts to consider 'the values of judicial economy, convenience, fairness, and comity.'" *Delaney v. Bank of Am. Corp.*, 908 F. Supp. 2d 498, 518 (S.D.N.Y. 2012) (considering whether to exercise supplemental jurisdiction in the context of FINRA) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Case law cited by each party shows that the exercise of jurisdiction over non-discrimination FNRA arbitration claims in this context is not compulsory, and has been left to the Court's discretion. *See e.g., Delaney v. Bank of Am. Corp.*, 908 F. Supp. 2d 498 (S.D.N.Y. 2012);

*Harajli v. Bank of Am., N.A.,* 2014 WL 4965912 (E.D. Mich. Oct. 2, 2014) (J. Steeh); *Ffrench v. Pricewaterhousecoopers Corp. Fin.*, 2012 WL 1900930 (S.D. Texas May 24, 2012); see also FINRA Rule 13803 ("If a current or former associated person files a statutory discrimination claim in court against a member or its associated persons, and asserts related claims in arbitration at FINRA against some or all of the same parties, a respondent who is named in both proceedings may, upon motion, compel the claimant to bring the related arbitration claims in the same court proceeding in which the statutory discrimination claim is pending, *to the full extent to which the court will accept jurisdiction over the related claims.*") (emphasis added).

In this instance, even if the Court were to exercise jurisdiction over Plaintiff's arbitration claims, a FINRA arbitration proceeding will endure with Plaintiff's two co-claimants. While the circumstances of the co-claimants may indeed differ somewhat from Plaintiff's circumstances, at the hearing it was represented that the three claimants had the same boss and office, and similar circumstances prior to each termination or separation from employment. The Court finds that in the circumstances of this case, the issues of judicial economy, convenience, fairness, and comity do not weigh in favor of the exercise of jurisdiction. For these reasons the Court will grant Plaintiff's motion to compel arbitration of his non-discrimination claims and will not exercise jurisdiction over Plaintiff's non-discrimination claims pending before FINRA.

**IT IS ORDERED that Plaintiff's motion to compel arbitration of non-discrimination claims [#8] is GRANTED.**

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 9, 2016

    I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager